PETER W. ALFERT, SBN 83139
**HINTON ALFERT & KAHN LLP**
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
Telephone: (925) 279-3009
Facsimile: (925) 279-3342

TODD BOLEY, SBN 68119
ZOYA YARNYKH, SBN 258062
**LAW OFFICE OF TODD BOLEY**
2381 Mariner Square Drive, Suite 280
Alameda, CA 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

Attorneys for PLAINTIFFS JENNIFER
HUGUNIN, PATRICK HUGUNIN, D.H., KEITH
CALDWELL, NICOLE HILL, X.C., TRISHA PITTS,
CARL PITTS, and N.P.

ALLISON S. HYATT, SBN 217567
**HYATT LAW, PC**
915 Highland Pointe Drive, Suite 250
Roseville, CA 95678
Telephone: (916) 724-5205
Facsimile: (916) 724-5201

Attorney for PLAINTIFFS TODD VROOMAN
LAURA VROOMAN, and S.V., RICHARD ROGERS,
TERRILL ROGERS and P.R., MICHELE MANCOUR
and G.I.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HUGUNIN, PATRICK HUGUNIN, D.H., a minor by and through his guardian ad litem JENNIFER HUGUNIN; KEITH CALDWELL, NICOLE HILL, X.C., a minor by and through his guardian ad litem KEITH CALDWELL, TRISHIA PITTS, CARL PITTS, N.P., a minor by and through his guardian ad litem TRISHIA PITTS, TODD VROOMAN, LAURA VROOMAN, S.V., a minor by and through his guardian ad litem TODD VROOMAN, RICHARD ROGERS, TERRILL ROGERS, P.R., a minor by and through his guardian ad litem RICHARD ROGERS, MICHELLE MANCOUR and G.I., a minor by and through his guardian ad litem MICHELLE MANCOUR,<br>　　　　　Plaintiffs,<br>　　　v.<br>ROCKLIN UNIFIED SCHOOL DISTRICT, SHERRY MCDANIEL, CHARLES THIBIDEAU, BETTY JO WESSINGER, JANNA CAMBRA, KEVIN BROWN, ROGER STOCK, DR. TODD CUTLER, and DOES 1-30,<br>　　　　　Defendants. | Case No: 2:15-cv-00939-MCE-DAD<br><br>**ORDER GRANTING MOTION TO APPOINT RICHARD ROGERS AS GUARDIAN AD LITEM OF PLAINTIFF P.R.** |

- 1 -

[Proposed] ORDER GRANTING MOTION TO APPOINT
GUARDIAN AD LITEM
*HUGUNIN, et al., v. RUSD, et al.,*

# INTRODUCTION

In this case, six minor children, and the parents of those children, have commenced an action against defendants Rocklin Unified School District, Sherry McDaniel, Charles Thibideau, Betty Jo Wessinger, Janna Cambra, Kevin Brown, Roger Stock and Dr. Todd Culter under 42 U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other federal and state laws.  The substance of their Compliant is that the minor plaintiffs' special education teacher, Defendant Sherry McDaniel, subjected her students to repeated verbal and physical abuse during class, that they suffered physical and emotional injuries as a result, and that Defendant Charles Thibideau, the principal of the school, Defendant Janna Cambra, the Director of Special Education, and other Rocklin Unified School District administrators responded to the incidents improperly. Plaintiffs Richard and Terrill Rogers ("Plaintiffs") move this Court for an order appointing Richard Rogers as guardian ad litem for minor plaintiff P.R.  No party has opposed the motion.

# STANDARD

Rule 17(c) of the Federal Rules of Civil Procedure provides that a minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem and "[t]he court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." *See* Fed.R.Civ.P. 17(c)(2).

An individual's capacity to sue is determined by the law of the individual's domicile.  Fed. R. Civ. P. 17(b).  Under California law, an individual under the age of eighteen is a minor.  Cal. Fam. Code § 6502.  A minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code § 6601.  In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1).

"'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has a right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal.App.3d 36, 49 (2007) (quoting *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977).

A parent may serve as a minor plaintiff's guardian ad litem provided that the parent does not have interests adverse to those of the child, and "[g]enerally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Gonzales v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).")

**ANALYSIS**

According to the Declaration of Richard Rogers filed in support of Plaintiffs' Motion, P.R. is a minor and is currently fourteen years of age.  Because P.R. is under the age of eighteen, he is a minor under California law.  Cal. Fam. Code § 6502.  As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem.  Richard Rogers is P.R.'s father and is also a Plaintiff in this action.  Mr. Rogers may serve as P.R.'s guardian ad litem provided that he does not have any interests that are adverse to P.R.

Upon review of the Complaint, the Notice of Motion and Motion to Appoint Richard Rogers as Guardian ad Litem of Plaintiff P.R., argument of counsel, and the declaration of Richard Rogers submitted in support of the motion, the Court finds that Plaintiff Richard Rogers has no interests adverse to the interests of P.R.  Mr. Rogers brought this action on behalf of his minor son, and thus the Court finds no conflict with P.R.'s claims.

[Proposed] ORDER GRANTING MOTION TO APPOINT
GUARDIAN AD LITEM
*HUGUNIN, et al., v. RUSD, et al.,*

1

## CONCLUSION

2

3       Based on the foregoing, Plaintiffs Motion to Appoint Richard Rogers as Guardian ad Litem

4  for Plaintiff P.R. is **GRANTED**.  The Court hereby appoints Richard Rogers as the guardian ad

5  litem for P.R.

6       **IT IS SO ORDERED.**

7  **Dated:  August 10, 2015**

8

9                                    _____
                                     MORRISON C. ENGLAND, JR., CHIEF JUDGE
10                                    UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] ORDER GRANTING MOTION TO APPOINT
GUARDIAN AD LITEM
*HUGUNIN, et al., v. RUSD, et al.,*