UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HUGUNIN, et al., | No. 2:15-cv-00939-MCE-DB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| ROCKLIN UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiffs, several minors and their guardians, bring various causes of action based on allegations that the minors were abused by their teacher at Breen Elementary School, which is a part of the Defendant School District. Currently before the Court is Defendants' Motion to Modify Scheduling Order, ECF No. 110, in which they seek to extend the time for discovery. For the reasons that follow, that Motion is GRANTED IN PART. The Pretrial Scheduling Order is modified as described below.

On April 30, 2015, the original complaint was filed, naming six minors and their guardians as Plaintiffs. Five of those six and their respective guardians settled with Defendants, leaving only N.P. and his two guardians to prosecute this action. The Court issued a Pretrial Scheduling Order ("PTSO"), which set, among other things, a discovery deadline of October 17, 2016. On April 6, 2016, Plaintiffs filed a Motion to Amend the

1

Complaint, ECF No. 80, seeking to add three additional minors and their guardians as plaintiffs. In light of that Motion, the deadline for completion of discovery was extended twice by stipulation, first to February 28, 2017, and then to June 20, 2017. The Motion to Amend was subsequently granted on January 17, 2017, and Plaintiffs filed their First Amended Complaint ("FAC"), ECF No. 108, on February 16, 2017. Twelve days later, Defendants filed the instant Motion to Modify Scheduling Order, seeking to extend discovery a year from the date of the FAC to February 28, 2018.

Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). Prior to the final pretrial conference in this matter the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Defendants argue that good cause exists to modify the PTSO because the addition of the three minors and their four guardians as plaintiffs makes it impossible for them to conduct the discovery necessary in this case within the current timeframe set by the Court. See Mot. to Modify Scheduling Order, at 2. Defendants contend their following needs make the current schedule unworkable: to subpoena "medical, psychological and therapy records" for the minors and "[m]edical, psychological and employment records" for the parents, as well as to conduct "depositions of [the] seven [new] Plaintiffs and multiple witnesses such as therapists, non-District teachers, [and]

physicians." Id. at 5.  Plaintiffs, conversely, argue that a one-year extension of discovery "is unreasonable and prejudicial" because it "would push the trial date out to 2018 or beyond."  Pls.' Opp'n, ECF No. 116, at 3.

The Court finds that, given the addition of the seven new Plaintiffs in February 2017, good cause exists to extend the deadline for discovery.  The additional discovery required due to the additional Plaintiffs likely cannot be completed within the timeframe set by the current PTSO.  However, it is not necessary to extend discovery a full year from the date of the FAC.  Instead, the Court finds six months to be more appropriate. Accordingly, the deadlines in the PTSO are modified as follows:

All discovery, with the exception of expert discovery, shall be completed by August 31, 2017.  All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than October 31, 2017.  Finally, the last day to hear dispositive motions shall be February 28, 2018.

The parties are also ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion.  If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Notice of Trial Readiness the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their available trial dates. After review of the parties' Joint Notice

///
///
///
///
///

of Trial Readiness, the Court will issue an order that sets forth a final pretrial conference and trial date.

IT IS SO ORDERED.

Dated: April 24, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE