PETER W. ALFERT, SBN 83139
LAW OFFICES OF PETER ALFERT, PC
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
Telephone: (925) 279-3009
Facsimile: (925) 279-3342

TODD BOLEY, SBN 68119
ZOYA YARNYKH, SBN 258062
2381 Mariner Square Dr., Ste 280
Alameda, CA 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGUNIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKLIN UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | No. 2:15-cv-00939-MCE-DB <br><br> **STIPULATION AND ORDER DIRECTING DEFENDANTS TO PRODUCE RECORDS OF THE OAH TERMINATION PROCEEDING OF SHERRY MCDANIEL** |

IT IS HEREBY STIPULATED by and between the parties hereto that:

1. This action arises out of allegations that defendants ROCKLIN UNIFIED SCHOOL DISTRICT ("RUSD"), et al., are responsible for the matters referred to in Plaintiffs' complaint, including allegations that Defendant Sherry McDaniel, while a teacher at RUSD, abused the minor plaintiffs enrolled as students in Ms. McDaniel's class. Defendant McDaniel denies all of such allegations.

2. As a result of the allegations of abuse against Defendant McDaniel, Defendant RUSD instituted a proceeding to terminate her employment with the Office of Administrative Hearings ("OAH"), case No. 2015020283.

3. In connection with the OAH proceeding, certain documents and data were exchanged between RUSD and Sherry McDaniel under the terms of a protective order, which is

STIPULATION RE: OAH DOCUMENTS; ORDER THEREON

attached hereto as Exhibit A. The documents exchanged include: 1) the documents produced in response to the requests for production in the OAH proceeding; 2) the USB drive produced pursuant to request No. 21 (attached hereto as Exhibit B); 3) the redacted investigation report produced to Sherry McDaniel's attorney in the OAH proceeding; 4) the transcripts of interviews and audios of the interviews obtained during the investigation.

4. Plaintiffs contend that the documents and data produced during the OAH proceeding are highly relevant to the instant action, as both matters arise from the same set of circumstances. Plaintiffs further contend that the protective order in the OAH action was never signed by the Administrative Law Judge, and is thus invalid, and would not in any case prevent disclosure of these documents in this proceeding. Defendants contend that the OAH Order is valid and binding. (See Exhibit C, correspondence from OAH staff counsel providing that the protective order attached as Exhibit A is a true and correct copy of the order entered in the OAH proceeding.) Further, defendant McDaniel contends that the requested documents and data are confidential personnel records as to which defendant McDaniel has an expectation to and right of privacy under the U.S and California Constitutions and state law.  5. Notwithstanding the foregoing, Defendants are willing to produce the OAH documents and data in their possession or control with the exception of the USB drive described under No. 2 supra, subject to the protective order in place in this case, see Docket No. 41.  Defendants do not agree to the production of the USB drive as defendants assert they have previously produced all relevant documents contained on the USB drive. Plaintiffs reserve the right to bring a motion to compel production of this USB drive.

6. Defendants contend that they are not able to provide the documents identified below due to the terms of the protective order entered in the OAH proceeding, attached hereto as Exhibit A. Therefore, the parties request that this Court issue an order allowing the production of the following documents subject to the protective order already in effect in this matter, Docket No. 41:

    1. The documents produced in response to the requests for production in the OAH proceeding;

    2. The redacted investigation report produced to Sherry McDaniel's attorney in the OAH proceeding;

3. The transcripts of interviews and audios of the interviews obtained during the investigation.7. The parties agree that the documents and data produced pursuant to the order will be subject to the protective order in place in this matter (see Docket No. 41 for protective order).

DATED: May 25, 2017                    LAW OFFICES OF TODD BOLEY


                                       _____/s/_____
                                       TODD BOLEY,
                                       ZOYA YARNYKH
                                       Attorney for PLAINTIFFS

DATED: May 25, 2017                    EVANS, WIECKOWSKI & WARD


                                       _____/s/_____
                                       Carol Wieckowski,
                                       Attorney for Defendants RUSD, et al.

DATED: May 25, 2017                    LONGYEAR, O'DEA & LAVRA


                                       _____/s/_____
                                       Natasha Langenfeld,
                                       Attorney for Defendants Sherry McDaniel

**ORDER**

PURSUANT TO THE STIPULATION, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT Defendants produce the following within 15 days of this Order:

1. The documents produced in response to the requests for production in the OAH proceeding;

2. The redacted investigation report produced to Sherry McDaniel's attorney in the OAH proceeding;

3. The transcripts of interviews and audios of the interviews obtained during the investigation.

Said documents and data will be subject to the protective order in place in this matter.

IT IS SO ORDERED.

Dated: May 31, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE