UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HUGUNIN, et al., | No. 2:15-cv-00939-MCE-DB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| ROCKLIN UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiffs—several minors and their guardians—bring various causes of action based on allegations that the minors were abused by their teacher at Breen Elementary School, which is a part of the Defendant School District. Currently before the Court is Defendants' Motion to Modify Scheduling Order, ECF No. 125, in which they seek to extend the time for discovery by eight days and the time for expert disclosure by thirty days. For the reasons that follow, that Motion is GRANTED. The Pretrial Scheduling Order is modified as described below.

On April 30, 2015, the original complaint was filed, naming six minors and their guardians as Plaintiffs. Five of those six minors and their respective guardians settled with Defendants, leaving only N.P. and his two guardians to prosecute this action. The Court issued a Pretrial Scheduling Order ("PTSO"), which set, among other things, a

1

discovery deadline of October 17, 2016.  On April 6, 2016, Plaintiffs filed a Motion to Amend the Complaint, ECF No. 80, seeking to add three additional minors and their guardians as plaintiffs.  In light of that Motion, the deadline for completion of discovery was extended twice by stipulation, first to February 28, 2017, and then to June 20, 2017.  The Court subsequently granted the Motion to Amend on January 17, 2017, and Plaintiffs filed their First Amended Complaint ("FAC"), ECF No. 108, on February 16, 2017.  Twelve days later, Defendants filed a first Motion to Modify Scheduling Order, seeking to extend discovery a year from the date of the FAC to February 28, 2018.  The Court granted that motion in part, extending discovery only until August 31, 2017.  ECF No. 123.

In support of their first Motion to Modify Scheduling Order, Defendants argued that additional time would be needed to conduct discovery relating to the medical and psychological records of the three new minor Plaintiffs.  Id. at 2–3.  In the instant Motion to Modify Scheduling Order, Defendants seek an extension of eight days to allow their medical experts to conduct medical examinations of the three new minor Plaintiffs.  Mot. to Modify Scheduling Order, at 5.  The only dates Defendants' three medical experts have been able to agree on are June 19, August 25, and September 8, with the September 8 date falling eight-days outside the limits set by the PTSO.  Id.  They also seek an extension of thirty days for expert disclosure in light of the dates they have secured to conduct those medical examinations.  Id.

Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).  Prior to the final pretrial conference in this matter the Court can modify its PTSO upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated:

///

> A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Defendants argue that good cause exists to modify the PTSO because they have been diligent in securing dates for the required medical examinations, and only request a modest extension of eight days. See Mot. to Modify Scheduling Order, at 3–4. Defendants also contend that their willingness to compromise on examination dates shows diligence—they agreed to a June 19 examination date, even though only two of their three experts could be present. Defs.' Reply, ECF No. 131, at 3. Finally, Defendants contend that a recently reached settlement with N.P. and his two guardians will remove all the original Plaintiffs from the case. Id. at 2. Thus, they claim that "[f]or all intents and purposes, this is a new action, just filed on February 13, 2017." Id. Plaintiffs, conversely, argue that any extension would be "unreasonable and prejudicial to Plaintiffs." Pls.' Opp'n, ECF No. 130, at 3. They do not explain why, however.

The Court finds good cause to make the modest modification of the PTSO requested by Defendants, and Defendants' motion, ECF No. 125, is therefore GRANTED. In light of the facts outlined above, it is reasonable to extend the discovery deadline and expert disclosure by the amounts sought by Defendants. Accordingly, the deadlines in the PTSO are modified as follows:

///

///

///

///

///

///

All discovery, with the exception of expert discovery, shall be completed by September 8, 2017.  All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than November 30, 2017.  All other dates in the PTSO remain unchanged.

IT IS SO ORDERED.

Dated:  July 6, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE