TODD BOLEY, SBN 68119
ZOYA YARNYKH, SBN 258062
**LAW OFFICES OF TODD BOLEY**
2381 Mariner Square Drive, Suite 280
Alameda, CA 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

PETER W. ALFERT, SBN 83139
**LAW OFFICES OF PETER ALFERT, APC**
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
Telephone: (925) 279-3009
Facsimile: (925) 279-3342

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HUGUNIN, PATRICK HUGUNIN, D.H., a minor by and through his guardian ad litem JENNIFER HUGUNIN; KEITH CALDWELL, NICOLE HILL, X.C., a minor by and through his guardian ad litem KEITH CALDWELL, TRISHIA PITTS, CARL PITTS, N.P., a minor by and through his guardian ad litem TRISHIA PITTS, TODD VROOMAN, LAURA VROOMAN, S.V., a minor by and through his guardian ad litem TODD VROOMAN, RICHARD ROGERS, TERRILL ROGERS, P.R., a minor by and through his guardian ad litem RICHARD ROGERS, MICHELLE MANCOUR and G.I., a minor by and through his guardian ad litem MICHELLE MANCOUR, AYRELLA OSBY, B.E., a minor by and through his guardian ad litem AYRELLA OSBY; MELISSA GUIDERA, T.G., a minor by and through his guardian ad litem MELISSA GUIDERA; DANYELLE ELLIS; GREGORY TODD ELLIS, AND A.E., a minor by and through his guardians ad litem DANYELLE ELLIS and GREGORY TODD ELLIS<br>　　　　　　　　　　　　　Plaintiffs,<br>v.<br>ROCKLIN UNIFIED SCHOOL DISTRICT, SHERRY MCDANIEL, CHARLES THIBIDEAU, BETTY JO WESSINGER, JANNA CAMBRA, KEVIN BROWN, ROGER STOCK, DR. TODD CUTLER, and DOES 1-30,<br>　　　　　　　　　　　　　Defendants. | 2:15-cv-00939-MCE-DB<br><br>**ORDER GRANTING THE MOTION TO APPOINT PLAINTIFF MELISSA GUIDERA AS GUARDIAN AD LITEM FOR T.G., DANYELLE ELLIS AS GUARDIAN AD LITEM FOR A.E., AND AYRELLA OSBY AS GUARDIAN AD LITEM FOR B.E.** |

## I. INTRODUCTION

In this case, Melissa Guidera, Danyelle Ellis, Ayrella Osby, and their children T.G., A.E., and B.E., respectively, sued Defendants ROCKLIN UNIFIED SCHOOL DISTRICT, SHERRY MCDANIEL, CHARLES THIBIDEAU, BETTY JO WESSINGER, JANNA CAMBRA, KEVIN BROWN, ROGER STOCK, DR. TODD CUTLER under 42 U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other state and federal laws. The substance of their complaint is that Ms. McDaniel, the special day class teacher, subjected the minor plaintiffs and other students in her classroom to ongoing verbal, psychological and physical abuse during class, that they suffered physical and emotional injuries as a result, and that the District and school employees and administrators responded to the incidents improperly. Plaintiffs move for Melissa Guidera to be appointed as guardian ad litem for her son T.G., Danyelle Ellis to be appointed as guardian ad litem for her son A.E., and for Ayrella Osby to be appointed as guardian ad litem for her son B.E.

## II. LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2)[1]

An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. The court may appoint a guardian ad litem to represent a minor's interests in the litigation. Cal. Code Civ. P. § 372(a). In making the determination concerning the

---

[1] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state. These factors are: 1) an adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." *Anthem Life Ins. Co. v. Olguin,* No. 1:6-cv-101165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing *T.W. v. Brophy,* 954 F.Supp. 1306, 1309 (E.D. Wis. 1996), *aff'd,* 124 F.3d 893, 896-97 (7th Cir. 1997)). "It appears to be the common practice to appoint a parent to act as next friend for a child." *Anthem Life Ins. Co.*, 2007 WL 190672, at *2 (citing *Gonzalez v. Reno,* 212 F.3d 1338, 1352 (11th Cir. 2000)).

appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

"'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 54 Cal. Rptr. 3d 13, 22-23 (Cal. Ct. App. 4th 2007) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 54 Cal. Rptr. 3d at 23.

## III. DISCUSSION

T.G., A.E., and B.E. are under the age of eighteen, and are minors under California law. Cal. Fam. Code § 6502. As minors, their ability to bring suit is contingent upon appointment by the court of a guardian ad litem. A parent may serve as their guardian ad litem so long as the parent does not have an interest adverse to the child's interests.

Upon review of the complaint and motion and supporting declarations, the Court finds that the parents have no adverse interests to those of the minors. The parents brought this action on behalf of themselves and their minor children, but the Court finds no conflict between the claims. Therefore, their appointment as guardians ad litem for their children is appropriate. *See Burke v. Smith*, 252 F.3 d 1260, 1264 (11 th Cir. 2001)("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Gonzalez v. Reno*, 86 F. Supp. 2 d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3 d 1338 (11 th Cir. 2000)("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."); *Robidoux v. Wacker Family Trust*, No. CIVS-06-2334 LKK-DAD, 2009 WL 1531785, at *1 (E.D. Cal. May 29, 2009), *rev'd on other grounds by* No. 09-16674, 2011 WL 1136241 (appointing plaintiff mother as guardian ad litem for plaintiff children in housing discrimination case).

## IV. CONCLUSION

Based on the foregoing, the motion to appoint Melissa Guidera as guardian ad litem for T.G., Danyelle Ellis as guardian ad litem for A.E., and Ayrella Osby as guardian ad litem for B.E. is **GRANTED.**

**IT IS SO ORDERED.**

Dated: August 21, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE